IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS C.M., | Civil No. 1:26-cv-03217-MWJS |
| Petitioner, | ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE |
| vs. | |
| WARDEN, CALIFORNIA CITY DETENTION FACILITY, et al, | A# 029-656-396 |
| Respondents. | |

**ORDER DENYING PETITION FOR WRIT OF
HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Santos C.M.[1] petitions for a writ of habeas corpus under 28 U.S.C.

§ 2241, challenging his detention by immigration authorities.  Dkt. No. 1.  He entered

the United States without inspection near El Paso, Texas, in the year 2000, and has

continuously resided in the country since then.  Dkt. No. 12-1 at pg. 2.  In the over 25

years since he arrived in the United States, he has built a life and become ingrained in

his community; he is married to a U.S. citizen and is the father to two children who are

also U.S. citizens.  *Id.*; *see also* Dkt. No. 10.  But on January 7, 2026, ICE encountered

Petitioner at the Canyon County Jail in Caldwell, Idaho, following his arrest for

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

disturbing the peace and domestic violence.  Dkt. No. 12-1 at pg. 2.  That arrest did not lead to a conviction, but because he was previously convicted of misdemeanor marijuana possession on April 5, 1994, the government has held him in immigration custody since January, while he undergoes removal proceedings.  Dkt. No. 12-2 at pgs. 3–4.

Petitioner now invokes this court's habeas jurisdiction, challenging the lawfulness of his detention.  Respondents contend that Petitioner is subject to mandatory detention under Immigration and Nationality Act, in particular 8 U.S.C. § 1226(c)(1)(A), because his 1994 marijuana possession conviction constitutes an offense "relating to a controlled substance" within the meaning of the statute.  Dkt. No. 12 at pg. 3 (*citing* 8 U.S.C. § 1182(a)(2)(A)(i)(II)).  Respondents argue that mandatory detention under § 1226(c) is both facially constitutional under *Demore v. Kim*, 538 U.S. 510, 531 (2003), and that Petitioner's detention of approximately four and a half months does not rise to the level of a due process violation.  *Id*. at pgs. 3–5.  And because the government has placed Petitioner into removal proceedings, Respondents contend that his "detention has a definite termination point when his removal proceedings conclude."  *Id*. at pg. 4 (*citing Jennings v. Rodriguez*, 583 U.S. 281, 304 (2018)).

Petitioner does not appear to dispute the applicability of § 1226(c) to his conviction.  Dkt. No. 13.  Rather, he argues that even under § 1226(c), prolonged detention without a bond hearing violates the Due Process Clause of the Fifth

Amendment as applied to him.  *Id*. at pgs. 2-4.  He challenges the government's

"expansive reading" of *Jennings*, 583 U.S. at 304, relying principally on *Santos v. Warden*

*Pike County Correctional Facility*, 965 F.3d 203 (3d Cir. 2020), which articulated an

"unreasonableness" framework for evaluating as-applied due process challenges to §

1226(c) detention, and *Lopez-Arevelo v. Ripa*, 801 F. Supp. 3d 668 (W.D. Tex. 2025), to

urge this court to adopt the Third Circuit's framework and order a bond hearing.  *Id*. at

pg. 4.

While it is true that the Supreme Court in *Demore* held that § 1226(c) is facially

constitutional, it left open the possibility of individualized constitutional challenges to

prolonged detention.  *See Demore*, 538 U.S. at 526 (holding that the government may

detain a noncitizen under § 1226(c) for the "limited period necessary for their removal

proceedings"); *see also id*. at 532 (Kennedy, J., concurring) (explaining that "since the

Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent

resident alien . . . could be entitled to an individualized determination as to his risk of

flight and dangerousness if the continued detention became unreasonable or

unjustified").[2]  Courts have since reached different conclusions about the proper

framework for evaluating those claims.  *Compare Santos*, 965 F.3d at 209-11 (applying an

"unreasonableness" framework under which detention "becomes more and more

---

[2]      The Court in *Jennings* likewise declined to rule on the question of whether §
1226(c)'s mandatory decision provisions might, in individualized circumstances,
become unconstitutional as applied.  *See* 583 U.S. at 312.

3

suspect" after five months), *with Keo v. Warden of the Mesa Verde ICE Processing Center*, No. 1:24-cv-00919-HBK, 2025 WL 1029392, at *7 (E.D. Cal. Apr. 7, 2025) (holding that due process does not require bond hearings even for prolonged § 1226(c) detention).

But regardless of the standard the court ultimately adopts to evaluate as-applied challenges, it would still conclude that Petitioner has not yet made a sufficient showing here. To be sure, the government's argument for mandatory detention without an individualized assessment is not a strong one. The triggering conviction in this case is a single misdemeanor marijuana possession offense from 1994, for which Petitioner received a 30-day sentence (nearly all of it suspended). Petitioner has built strong ties to the United States, and it is not obvious how the government could conclude that he is a risk of flight. And as Petitioner notes, "there is no deportation hearing placed on the docket as of this motion, and there has been no reason provided for the current delay in receiving his deportation hearing." Dkt. No. 13, at pg. 4.

If these were the only facts in the record, Petitioner might well be entitled to relief. But there is more: Petitioner was initially arrested by state law enforcement authorities on allegations of disturbing the peace and domestic violence, and he was taken into immigration custody only after that state arrest. Dkt. No. 12-1 at pg. 2. The circumstances of his state arrest are not clearly spelled out in the current record, but they are enough to show that the government's application of § 1226(c) is not as arbitrary and unreasoned as it would have been if Petitioner had simply been randomly

4

arrested in 2026 by immigration officials based purely on a 1994 marijuana misdemeanor conviction.

Given the additional facts in the record, the court concludes that Petitioner's as-applied challenge to his detention, under any reasonable standard, has not yet become meritorious.  It bears noting, though, that Petitioner's nearly five months of detention appear to be pushing the limits of what would be constitutional as applied, and that if Petitioner files another petition in the future after some time has passed, the court may well reach a different conclusion about whether an individualized assessment has become constitutionally necessary—at least absent some indication that his removal proceedings have made substantial progress.  So while the current petition is DENIED, this denial is without prejudice to any such future application.

The Clerk of Court is DIRECTED to close this case and enter judgment for Respondent.

IT IS SO ORDERED.

DATED:  May 29, 2026, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

_____

Micah W.J. Smith
United States District Judge

---

Civil No. 1:26-03217-MWJS; *Santos C.M. v. Warden of the California City Detention Facility et al.*; ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE